IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.     Case No. 21-CR-386-JFH

CARLOS ALFREDO ARROLIGA,

        Defendant.

## OPINION AND ORDER

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Dkt. No. 156] filed by Defendant Carlos Alfredo Arroliga, pro se, on March 26, 2024. In response to Defendant's §2255 Motion, the Government has moved to dismiss the motion as untimely. Dkt. No. 169. For the reasons set forth herein, the Government's motion to dismiss is granted, and Defendant's §2255 action is dismissed.

## PROCEDURAL HISTORY

On September 7, 2021, Defendant and two codefendants were named in an Indictment [Dkt. No. 15]; the Indictment charged Defendant with two counts of robbery of a motor vehicle in violation of 18 U.S.C. §2119 and two counts of carrying, using, or brandishing a firearm, and aiding and abetting in such conduct, during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c). On November 12, 2021, Defendant pled guilty to the two §924(c) firearm counts, pursuant to a plea agreement between the parties, in which both parties agreed that an appropriate sentence in this matter would be 168 months' imprisonment, i.e., 84 months' imprisonment as to both counts, with the sentences to run consecutively to one another. Dkt. No. 66. On February 3, 2023, Defendant was sentenced, pursuant to the plea agreement in this case, to a sentence of 168 months' imprisonment to be followed by a five-year term of supervised

release. Dkt. No. 126. Defendant did not appeal his conviction or sentence.

Defendant transmitted his pro se §2255 Motion for filing on March 10, 2024, and it was filed on March 26, 2024. Dkt. No. 126. Defendant's Motion contends that he is "actually innocent" and that his convictions under 18 U.S.C. §924(c) for using a firearm during and in relation to a crime of violence cannot stand because, while his codefendants used guns during the two carjackings, he did not. Dkt. No. 156 at 4. Defendant also argues that his plea was not knowing and voluntary due to the inadequacy of his legal counsel, whom Defendant maintains misled Defendant as to the terms of his plea agreement. *Id*. at 5. Lastly, Defendant, acknowledging that his Motion is untimely, argues that his deadline for filing should be equitably tolled due to difficulties he faced in accessing the law library. *Id*. at 11.

The Government moves for dismissal of Defendant's §2255 Motion arguing that Defendant's Motion should be dismissed because it was untimely filed, and Defendant has not demonstrated that he is entitled to have the deadline equitably tolled.

## ANALYSIS

**I.    Defendant's Motion should be dismissed as it was untimely filed, and Defendant has failed to demonstrate that he is entitled to equitable tolling of the filing deadline.**

The Antiterrorism and Effective Death Penalty Act of 1996, as codified at 28 U.S.C. §2255, establishes a one-year limitations period for the filing of motions under §2255; as applicable here, the limitations period begins to run "from the latest of … the date on which the judgment of conviction became final." Defendant's conviction became final when he failed to file an appeal within the 14 days allotted to him to do so. Fed. R. App. P. 4(b)(1)(A)(i). Defendant's conviction thus became final on February 21, 2023. Dkt. No. 126. As such, Defendant was obligated to file his Motion under §2255 on or before February 21, 2024. His §2255 Motion was not filed until

March 10, 2024.

Defendant asserts that the deadline for filing his §2255 petition should be equitably tolled because of lockdowns that occurred within FCI Pollock, the prison in which he is incarcerated. Specifically, Defendant writes:

> However, Arroliga petition may be tolled for extraordinary circumstances as the FCI Pollock institution has been in constant lock downs giving him no access to the law library or legal materials to prepare the present motion.
>
> Arroliga has attempted to obtain relevant and all his documents to provide the Corut to no avail. Arroliga submits that at it is extremely difficult to obtain legal documents from staff due to restrictions and burdens placed on inmates due to the institutional policies, and or many of the time institution is understaffed and counselor are rarely available. FCI Pollock as been in constant lock downs during January and February placing his in total disadvantage to file timely.
>
> Arroliga offers that it would be totally unfair not to entertain his 28 U.S.C. 2255 motion when he has no control over his movements in prison, and he as a pro se litigant could only work and study in limited occasions while preparing his motion. Wherefore, respectfully prays in fairness to be allowed to untimely file his ineffective assistance of counsel claims alleges in this habeas corpus petition.

Dkt. No. 156 at 11.

To show that he is entitled to equitable tolling of the §2255 deadline, Defendant must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *United States v. Tinsman*, 2022 U.S. App. LEXIS 21957, *5 (10th Cir. 2022)(unpublished).[1] "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

When equitable tolling is sought on the basis of prison lockdowns or limited access to legal

---

[1] The Court cites unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A)

materials, the Tenth Circuit has written that the petition must "allege facts about how the lockdown or limited access prevented him from timely moving for relief." *Tinsman*, 2022 U.S. App. LEXIS 21957, *5 (citing *Forth v. Martinez*, No. CIV 20-0832, 2021 U.S. Dist. LEXIS 122114, 2021 WL 2682826, at *7-8 (D.N.M. June 30, 2021)). The petitioner must allege facts that establish "that he was pursuing his rights diligently" and that the lockdown "specifically prevented him from filing his motion." *Id*. at 8 (citing *Howard v. United States*, 2021 U.S. Dist. LEXIS 22300, 2021 WL 409841, at *3 (E.D. Mo. Feb 5, 2021)). Tenth Circuit precedent makes clear that, when a petitioner fails to set forth such specific facts, the proper course is denial of relief. See *Tinsman*, 2022 U.S. App. LEXIS 21975; *Pena-Gonzales v. Kansas*, 2022 U.S. App. LEXIS 2187, 2022 WL 214747 (10th Cir. 2022) (unpublished); *Donald v. Pruitt*, 853 F. App'x 230 (10th Cir. 2021) (unpublished).

Defendant has not carried the "strong burden" of showing "specific facts" necessary to justify equitably tolling his §2255 deadline. *Archuleta*, 525 F.3d at 928. Though Defendant argues that he is entitled to equitable tolling, his argument is supported by few, if any, specific facts. Defendant asserts that he has been "in constant lock downs during January and February." Dkt. No. 156 at 11. Even assuming that this is true (and Defendant does not support this claim with any documentation or other proof) the bare assertion that Defendant's facility was under lockdown does not justify relief. Such a fact *could* justify relief, but Defendant's claims are too vague. If, for instance, Defendant had shown that he had attempted to timely mail his Petition but could not do so due to institutional lockdowns, then relief could be justified, but that is not the case. Instead, Defendant offers no details regarding the extent of the lockdown and how the lockdown specifically affected his ability to timely file his petition.

Defendant also asserts that he "has attempted to obtain relevant and all his documents to provide the Court to no avail" (sic) due to unhelpful staff and restrictive prison policies. Dkt. No.

156 at 11.  But Defendant presumably had approximately 10 months in which he was not under lockdown to obtain relevant "documents," and it is not even clear to the Court what documents Defendant here references.  Defendant has failed to allege specific facts demonstrating either that he acted diligently to timely file his §2255 Petition or that the prison restrictions of which he complains "specifically prevented" him from timely filing. *Tinsman*, 2022 U.S. App. LEXIS 21957, *8.  Defendant's §2255 Petition was untimely filed, and Defendant has failed to show that he is entitled to have the filing deadline equitably tolled.

    WHEREFORE, the Government's Motion to Dismiss Defendant's Untimely §2255 Petition [Dkt. No. 169] is hereby GRANTED, and Defendant's §2255 Petition [Dkt. No. 156] is accordingly DISMISSED.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE